## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEPHEN S. EDWARDS,

      Plaintiff,

v.                                              No. 1:25-cv-00300-WJ-JMR

SAMIR V. PATEL,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This case arises from a "robbery" which occurred on December 11, 2020, at the Tru by Hilton Hotel, which is owned by Defendant. Complaint at 2, Doc. 1, filed March 25, 2025. *Pro se* Plaintiff, who was a guest at the Tru by Hilton Hotel, alleges Defendant failed to provide adequate security and hid video evidence to avoid liability. *See* Complaint at 2-4. Plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983, claims pursuant to 18 U.S.C. §§ 1510-1511, and claims for fraud and conspiracy to commit fraud. *See* Complaint at 1, 5.

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff:

> It appears that this case may be barred by the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine because Plaintiff states: "There is litigation at the lower Court where the defendants [sic] has tried multiple times to dismiss the charges of Negligent Security and premises liability under New Mexico Law." Complaint at 4. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:
>
> > (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their

resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, Rooker-Feldman deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Order to Show Cause at 4-5, Doc. 5, filed March 27, 2025. Judge Rozzoni ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause at 6 (setting deadline of April 17, 2025, for Plaintiff's response); Order, Doc. 7, filed April 22, 2025 (granting Plaintiff a 30-day extension of time to file his response). Plaintiff did not show cause or file an amended complaint by the May 19, 2025, deadline.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Court concludes it does not have jurisdiction over this case because it appears from the allegations in the Complaint that the Court lacks jurisdiction pursuant to *Younger* and/or *Rooker-Feldman* and Plaintiff did not respond to Judge Rozzoni's Order to show cause and to file an amended complaint.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**